## GEORGE READ, Administrator of GEORGE READ, Jr., deceased, *vs.* JOHN RANDEL, Jr.
### JAMES ROGERS, Esq. *vs.* The Same.

*An affidavit to hold to bail must swear to the indebtedness with reasonable certainty.*
*An affidavit that the defendant is indebted as the deponent verily believes in a certain sum, for professional services rendered " under an agreement in writing," though made by an administrator, is not sufficient.*

CAPIAS case.
Rule to show cause " why the defendant should not be discharged on common bail."

Read's administrator filed an affidavit, "that John Randel, Jr., is justly and truly indebted to this deponent as administrator as aforesaid, as this deponent verily believes, in the sum of twenty-two thousand six hundred and eighty-eight dollars and fifty-nine cents, for professional services rendered and done by the said George Read, Jr., in his life time, for the said John Randel, Jr., and at his request, under an agreement in writing between the said George Read, Jr., and the said John Randel, Jr."

This affidavit was excepted to for insufficiency. *Petersdorf on Bail,* 79, 82. Affidavit must be positive as to the debt, and explicit as to the cause of action. *Ib.* 88. An affidavit on a special agreement must state its nature and consideration. 10 *East,* 358; 3 *Chitty's General Practice,* 333, 4, 5.

*Gray* and *Bayard,* contra, insisted that the affidavit was sufficient under our practice. It states the indebtedness positively, as much so as an administrator could state it. As to the character of the professional services, Mr. Read was an officer of this court, and it will take notice of the kind of services referred to. The English decisions are under rules of court, which we have not adopted. Their general rule on this subject is as late as 2 *Wm.* 4. (3 *Chit. Genl. Pr.* 333.) Our practice has not conformed to the strictness of these rules, for in *Randel* vs. *Wright,* objection was made to the affidavit that it was not entitled in the cause, and the court over-ruled the objection, though it would be fatal under the English practice. 1 *Tidd. Pr.* 204; 4 *Burr. Rep.* 1992; 3 *Chitty's Pr.* 333.

*Per Curiam.*—The party is not bound to state any thing which, as an administrator, he is not supposed to know. He can only state the indebtedness, as he believes; but if he swears to an indebtedness "under an agreement in writing," he can surely state the substance of the agreement and the consideration.

The affidavit must be reasonably certain, considering the case, and the party who makes it; but it is not every loose statement of indebtedness that will justify the holding a man to bail, and possibly, the depriving him of his liberty.

It is difficult to state a principle applicable to all cases; and Lord *Mansfield* well said, in *Barclay et al.* vs. *Hunt,* (4 *Burr.* 1996,) that "the court ought never to lay down a rule to be construed so rigidly as that it may put difficulties upon the suitors." But the affidavit ought in itself to show a sufficient cause of action; and with such certainty as it appears from the circumstances of the case, and the character of the party, he was enabled to state it. And though, as was remarked by the plaintiff's counsel, we would not in our prac-

tice be captious about matters of form, we must look to the substance, and see that the party who seeks to hold another to bail, shall show his right to do it. His own affidavit is received for this purpose, (*Digest*, 61,) and it is but reasonable that he should be held to such degree of precision and certainty in making the statement as the case itself shows to be in his power. Indeed, it has been said that "the leaning should always be to great strictness of construction where one party is to be deprived of his liberty by the ex parte act of another."

Rule absolute.

*Gray* and *J. A. Bayard*, for plaintiff.
*Frame*, for defendant.

No exception was taken to the affidavit in the other case, which was as follows:

In the Superior Court, November Term, 1837.

James Rogers, Esq. *vs.* John Randel, Jr.

Capias case. Bail in $30,000. Sheriff returns cepi corpus, afterwards bail bond.

Personally appeared before me, James C. Mansfield, prothonotary of the Superior Court of the State of Delaware, in and for the county of New Castle, the above named James Rogers, of the town of New Castle, in the county and state aforesaid, who, being duly sworn, doth depose and say, that the aforesaid John Randel, Jr., is justly and truly indebted to this deponent in twenty-three thousand seven hundred and ninety-eight dollars for work and labor, care, diligence, and attendance, done, performed and bestowed by this deponent, as the attorney and counsel of and for the said John Randel, Jr., and on his retainer, in and about the prosecuting and defending of divers causes, suits and businesses for the said John Randel, Jr.; and in the further sum of four hundred and ninety-five dollars for money received by the said John Randel, Jr., for the use of this deponent.

JAMES ROGERS.

Sworn at New Castle, this 29th November, 1837, before

JAMES C. MANSFIELD, *Pro'y.*